STURM, Respondent, vs. GREEN BAY & DE PERE MUTUAL FIRE INSURANCE COMPANY, imp., Appellant.

*September 16—October 7, 1913.*

*Fire insurance: Mutual policies: Renewal: Construction: Failure to pay assessment: Effect.*

1. Where mutual fire insurance policies, identical in terms and conditions, were issued in successive years, each expiring in one year but providing for continuance by renewal, and providing further that failure of the assured to pay any assessment within the time specified in the notice thereof should render the policy void during the period of default, each such policy should be considered and be given effect in its entirety, not adding thereto or taking therefrom.

2. The provision in one of such policies as to the effect of a default applies only to assessments made during the life of that particular policy; hence the liability of the insurer upon the third of the policies was not affected by failure to pay an assessment levied during the life of the second, even though such assessment was not payable until after the term of the third policy had begun.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge.    *Affirmed.*

Action to recover on an insurance policy.    Defendant's constitution and by-laws were made a part of the contract.

There was a year policy which expired September 19, 1908. It was succeeded by a policy which expired September 30, 1908.    That was followed by the policy which was outstanding at the time of the fire.    The terms and conditions of the policies were identical.    They were issued on the mutual plan.    Each provided that every person holding a policy should. be deemed a member of the company and failure to pay any assessment within the time specified therefor in the notice duly sent the assured would render the policy void during the period of default, and further provided for continuance by renewal under the original stipulation in consideration of payment for the new renewal term.    An assessment was duly levied during the life of the second policy. It was not payable until after expiration of the term.    Time for payment expired during the life of the third policy. Plaintiff was in default when the fire occurred.    Defendant claimed that such default was fatal to plaintiff's claim; since the policy was issued as a renewal, though in form it was an independent contract.    The circuit court held otherwise and rendered judgment accordingly; there being no serious dispute on the pleadings and evidence but what plaintiff was entitled to recover for his loss, unless the default fatally tainted the last policy.

The cause was submitted for the appellant on the briefs of *Greene, Fairchild, North, Parker & McGillan,* and for the respondent on that of *Eberlein & Eberlein* and *Thomas J. Mahon.*

MARSHALL, J.    The question to be resolved in plaintiff's favor, as before indicated, necessarily turned on the intention of the parties to the policy contract.    That must be gathered from the language they used to express their purpose; not the language used in either the first or second policy, but that employed in the one upon which the action was brought. That must be considered and given effect in its entirety, not

adding thereto or taking therefrom.    The policy does not refer to any default in the payment of an assessment as affecting the defendant's liability thereon, except failure to respond to a requisition duly made during the life of the particular contract.    It does not seem advisable to extend this opinion by stating the reasons given by counsel for appellant to support a contrary conclusion.    In the judgment of the court, the construction of the contract contended for would engraft upon the policy a provision not there in letter or spirit.

*By the Court.*—The judgment is affirmed.