## Baseler et al. *v.* Worth Mutual Fire Insurance Co., Appellant.

Argued April 17, 1934.

Before Trexler, P. J., Keller, Stadtfeld, Parker and James, JJ.

*Lee C. McCandless,* of *Marshall and McCandless,* for appellant, cited: Kramer v. Boggs, 5 Sup. 394; Shurma v. Mutual Fire Insurance Co., 206 Pa. 417; Rhodes v. Royal Union Mutual Insurance Co. 56 Sup. 233.

*Joseph H. Cochran,* for appellee, cited: Insurance Co. v. Mowry, 96 U. S. Rep. 544; Sturm v. Green Bay and Deperre Mutual Fire Insurance Co. 143 N. W. 151.

OPINION BY TREXLER, P. J., October 3, 1934:

A. W. Baseler and Hallie Baseler held a policy of insurance of the defendant company dated October 9, 1932, No. 1755. On January 19, 1933, a building and contents covered by the policy burned and the present suit was brought to recover loss. The company is a mutual company; no assessment had been levied against the policy, above referred to. The company refuses to pay assigning the reason that there was another policy No. 23171 held by the plaintiffs at the time policy No. 1755, upon which suit was brought, was issued. On October 2, 1932, an assessment to pay losses was made and notice sent to the assured that unless paid within a certain time, the policy, without any action on part of the company, would become null and void. The assured failed to pay the assessment and policy No. 23171 became null and void. The defendant claims that No. 1755 was also rendered null and void because of the failure to pay the assessment that was levied on the old policy.

We start out, of course, with the assumption that the policy sued on being on its face apparently in full force and effect at the time of the fire, the company should pay and in order to sustain the defense it must appear that there is a bar to recovery by reason of some provision contained in the constitution and by-laws of the company. The company's defense is placed upon section 8 of the by-laws, which reads as follows:

"Whenever an assessment shall have been declared by the directors, and notice thereof forwarded to the assured, by mail or otherwise, and the assured shall, for the space of fifty days, refuse or neglect to pay the same, then this policy will without any action whatsoever by the company become null and avoid." The constitution and by-laws were part of the contract of insurance being printed on the back of the policy. Two conclusions can be drawn from this section. The one that whenever any assessment has been declared by the directors on any policy held by the assured and he, within the time specified, shall neglect to pay, he loses his membership, and no recovery can be had for any loss as long as he is in default. That the mutuality existing between the members requires all members to meet their obligations to the company, and to preserve their membership fully in order to participate in the benefits resulting from the organization. That is the interpretation the company places upon this section. On the other hand, the lower court held that the reference to *this* policy evidently pointed to the contract of insurance existing on which the assessment was made. The old policy was null and void because the assured had not paid the assessment, but the policy upon which suit is brought was valid, that the forfeiture would apply only to the particular policy, "this policy" as stated in the above section, upon which the assessment was made. We observe

that the notice sent to the assured of the assessment on the former policy also contained the words "if not paid by December 10, 1932, *this* policy will become null and void." Our attention is called to the case of Sturm v. Green Bay & De Pere Mutual F. Ins. Co. et al. (Wis.), 143 N. W. 151. There the policies appear to have been identical in forms to those in the instant case. The court held that each successive contract was an independent contract in itself. The intention of the parties must be gathered from the language employed, and when there is doubt and two constructions can be made, the one that preserves the policy should be adopted. The argument that the construction the lower court has placed on the section, and which we approve, might be disastrous to mutual insurance companies, carries little weight for the situation here presented can easily be corrected by a change in the language of the by-laws. As the lower court very well observes the new policy is an entirely new contract. It is a new membership of the company irrespective of the existence or non-existence of a prior policy.

The judgment is affirmed.